COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Jerry L. Berwick v. Richard T. Wagner

Appellate case number:   01-12-00872-CV

Trial court case number:  0849782

Trial court:                      309th District Court of Harris County

Appellant has appealed the court's judgment entered on a jury verdict. Neither the Original Clerk's Record nor the 1st Supplemental Clerk's Record filed in this case included copies of (1) the trial court's charge to the jury or (2) the jury's verdict. On January 14, 2013, appellant requested that a second supplemental clerk's record be filed containing these items. On October 2, 2013, the district court clerk filed a 2nd Supplemental Clerks Record stating "there is neither a Signed Jury Charge nor a Signed Charge of the Court in the file or imaged." This 2nd Supplemental Clerk's Record does not include the jury's verdict.[1]

Texas Rule of Appellate Procedure 34.5 provides:

> (e)      If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement. If the parties cannot agree, the trial court must—on a party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

Accordingly, because it appears that the trial court's charge to the jury and the jury's verdict have been "lost or destroyed," we abate this appeal and remand to the trial court for the parties and, if necessary, the trial court to comply with the procedures set forth in Rule 34.5(e).

---

[1]      The clerk also states in the 2nd Supplemental Clerks Record that "The Jury's Verdict (Order In Suit Affecting The Parent Child Relationship Signed 06/15/2012) was included in the Original Clerk's Record as page 157." The clerk is correct that the referenced order was included starting on page 157 of the Original Clerk's Record, but that order is not the jury's verdict, and the jury's verdict is not contained in the original or supplemental clerk's records that have been filed with the Court.

The parties shall, within 20 days of the date of this order, deliver copies of their written stipulation, the court's charge and the jury's verdict to the trial court clerk along with a request that such items be included in a supplemental clerk's record.

If the parties cannot agree within 20 days of the date of this order about what constitutes accurate copies of the missing items, the parties are ordered to promptly request a hearing for the trial court to determine, if possible, what constitutes accurate copies of the missing items. If such a hearing in necessary, the trial court shall have a court reporter, or court recorder, record the hearing. Appellant shall request a transcript of any such hearing be filed with the Court. Appellant shall also promptly request a supplemental clerk's record be filed containing copies of the documents, if any, that the trial court determines constitutes accurate copies of the missing items.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when (1) records that comply with our order are filed with the Clerk of this Court, or (2) a request for reinstatement is filed indicating that neither the parties nor the trial court can determine what constitute accurate copies of the documents.

It is so ORDERED.

Judge's signature:   /s/ Sherry Radack
                    ☑ Acting individually     ☐ Acting for the Court

Date: October 3, 2013